**NOT FOR PUBLICATION**

FILED

DEC 11 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50197 |
| Plaintiff - Appellee, | D.C. No. 3:07-CR-02994-JLS-1 |
| v. | |
| ELEAZAR FELIX-OLIVAS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted December 9, 2009**
Pasadena, California

Before: THOMPSON and SILVERMAN, Circuit Judges, and BOLTON,*** District Judge.

Eleazar Felix-Olivas appeals from the 12-month sentence imposed on him as

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

a result of the revocation of his supervised release, to be served consecutively to the 10-month sentence imposed for the underlying criminal conduct that led to the revocation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mr. Felix-Olivas argues that his admission to the supervised release violation was involuntary because he was not given a full, Rule 11-style voluntariness colloquy regarding his rights. Next, Mr. Felix-Olivas asserts that the district court considered improper factors in arriving at a sentence. In particular, Appellant objects to the fact that the district court judge discussed a need for "consequences" for his actions, which he interprets as a reference to impermissible consideration of the underlying criminal conduct, rather than the breach of trust of the supervised release violation. Finally, Appellant argues that a 12-month sentence was substantively unreasonable on the facts before the court at the time of sentencing.

This Court has held that the making of admissions at a revocation proceeding is not the equivalent of a guilty plea, and therefore, the due process clause does not require a full voluntariness colloquy at a revocation hearing. *See United States v. Segal*, 549 F.2d 1293, 1296-1301 (9th Cir. 1977). Further, the district court's sentence was not based on improper factors. Given that returning to the United States is the very "breach of trust" courts are permitted to sanction by

revoking supervised release, the district court's focus on "consequences" for Mr. Felix-Olivas's actions was not misplaced.

The record reflects that the sentence is substantively reasonable and free from plain error. It appropriately takes into consideration the nature and timing of the violation of supervised release.

**AFFIRMED.**